IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROMAN DE LION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 22 CV 00070 |
| CRRC SIFANG AMERICA, INC., | ) ) | Judge John J. Tharp, Jr. |
| Defendant. | ) ) | |

## ORDER

For the reasons set forth in the Order and Statement below, the defendant's motion to dismiss [23] is granted in part and denied in part. The plaintiff is granted leave to amend his complaint, consistent with this opinion, by September 1, 2023. Defendant's obligation to answer the surviving claims of the complaint is held in abeyance pending further order once De Lion files an amended complaint or the deadline for doing so has passed.

## STATEMENT

Roman De Lion, a pro se litigant, sues CRRC Sifang America, Inc. ("CRRC") for employment discrimination and wrongful termination. De Lion alleges that his supervisor Nikkia Bunch harassed him due to his race, national origin, and disability in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). He also alleges that CRRC retaliated against him after he reported the alleged harassment. Finally, De Lion alleges that the harassment and retaliation culminated in his wrongful termination while he was on a medical leave of absence pursuant to the Family and Medical Leave Act of 1993 ("FMLA").

De Lion's own allegations show that he did not timely pursue his claims of harassment and retaliation from 2019. The Court dismisses those claims without prejudice. Although De Lion's harassment complaints from 2020 are timely, De Lion has failed to plead facts sufficient to suggest his harassment was related to his protected characteristics. The Court also grants CRRC's motion to dismiss those claims without prejudice. Finally, De Lion puts forth sufficient factual allegations to suggest that he was wrongfully terminated in retaliation for his complaints to CRRC about his treatment. The Court, therefore, denies CRRC's motion to dismiss De Lion's wrongful termination claim.

I.  **Background**

The Court accepts as true the following facts from De Lion's complaint, the documents appended to his complaint, and his response to CRRC's motion to dismiss.[1] CRRC manufacturers railway cars for the Chicago Transit Authority. De Lion, who identifies as "Hispanic," began to quarrel with his supervisor Nikkia Bunch, an African American woman, in mid-May of 2019.

In one incident, De Lion complained to Bunch that his team was improperly delegating tasks to him that should have been handled by his team lead. De Lion was unhappy with Bunch's indifference to this complaint. In another incident, Bunch reprimanded De Lion for asking another employee to help him with an assignment because she—unfairly, De Lion alleges—assumed that he was not working.

On May 22, 2019, De Lion contacted the Human Resources ("HR") Department about filing a complaint against Bunch for harassing him. About a week later, De Lion's team lead allegedly assigned De Lion menial tasks, such as sweeping the floors, in retaliation for contacting HR.

De Lion further alleges that on May 29, 2019, Bunch micromanaged him and unfairly critiqued him and that his frustration culminated in a verbal altercation. De Lion complained to a manager about Bunch's behavior. The next day, the manager informed De Lion that he was suspended pending an investigation for insubordination. The suspension was without pay and lasted nine days.

Notwithstanding these incidents, De Lion was promoted to team lead in September. In October, when De Lion complained to Bunch about a member of his team, Bunch allegedly refused to discipline her because she and the team member were friends. The team member then complained to HR that De Lion was discriminating against her because of her race and sex. A week or so later, management informed De Lion that Bunch had filed a sexual harassment complaint against him, and he was assigned a new supervisor.

---

[1] In evaluating De Lion's allegations, this Court considers the U.S. Equal Employment Opportunity Commission ("EEOC") charge and written timeline of events appended to De Lion's pleadings because they are central to his claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). CRRC argues that De Lion's response to the motion to dismiss is an improper attempt to amend the factual pleadings and that the factual allegations set forth in his response should not be considered by the Court. It is appropriate, however, for a plaintiff, especially one proceeding pro se, to respond to a motion to dismiss with additional factual allegations so long as the assertions are consistent with the complaint. *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997); *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015). De Lion's factual assertions in his response brief provide more context for his claims of harassment and retaliation and are therefore consistent with his complaint.

Around the same time, Bunch went on an unrelated leave of absence. After returning from her leave in February 2020, Bunch allegedly attempted to remove and transfer key members from De Lion's team.

On March 20, 2020, De Lion's new supervisor presented him with documents concerning the results of the sexual harassment investigation. De Lion believed there were some discrepancies with the documents and did not want to sign a document detailing the results of the investigation until he could consult with his union representative. In response, his supervisor explained that the agreement would not be valid until the union representative signed it, so he instructed De Lion to sign first. De Lion's union representative later confirmed that the agreement would not be valid until he signed it. Due to extraneous circumstances, however, De Lion's union representative never signed the agreement.

A few months later, in June of 2020, De Lion contacted HR to discuss his work issues with Bunch through an employee assistance program. Shortly thereafter, De Lion instead decided to seek professional outside counseling. On August 8, 2020, De Lion was diagnosed with anxiety and depression and prescribed medication. HR knew of De Lion's conditions.

After his diagnosis, De Lion alleges Bunch's harassment towards him increased because of his disability. On August 26, 2020, Bunch began to target and discipline De Lion's team members even though she was no longer his supervisor. Bunch reprimanded members of De Lion's team for using their cell phones during work hours but did not do the same to other teams.

On August 31, 2020, CRRC approved De Lion to take FMLA leave for his anxiety and depression. On Monday, September 7, De Lion reported to work to receive the schedule for the week, as employees do every week, and saw there was no work scheduled for Saturday, September 12 and Sunday, September 13. On September 11, De Lion's supervisor asked him if he planned to work overtime on September 12 or September 13. Because De Lion knew that any changes made to the weekly schedule after employees checked on Monday were voluntary workdays, he said that he might on work those days.

On Saturday, September 12, 2020, De Lion did not report to work and filed paperwork with CRRC's third-party administrator, Absence Pro, to begin his 12-week FMLA leave. That leave was supposed to become effective on Monday, September 14, 2020. Absence Pro informed him that it would take at least five days to process the paperwork, but he could still start his leave on Monday, September 14 while the paperwork was being processed. De Lion subsequently informed management in writing that he would take his leave starting September 14.

De Lion began his leave as planned on September 14. On September 15, De Lion received an email from CRRC instructing him to immediately return to work until his leave was processed and approved and informing him that otherwise, he would be terminated. De Lion alleges that CRRC did not require an immediate return to work of others who took the same leave. De Lion returned to work the next day, September 16 and reported to work for three days until receiving his official approval on September 18. During this period, De Lion claims that no one mentioned

any potential issues regarding the overtime days on September 12 and 13. On October 5, 2020, CRRC terminated De Lion for failing to appear for work on September 12.

CRRC told De Lion that he was terminated because he knew September 12 and 13 were mandatory overtime days. After De Lion's sexual harassment investigation, he was placed on a last-chance agreement, which he violated by failing to show up to work. CRRC further told De Lion that the agreement was valid even though his union representative never signed it. De Lion alleges that the last-chance agreement was not valid without his union representative's signature and that September 12 and 13 were not mandatory workdays. He also alleges that because no one suggested there were any issues with those days when he returned to work from September 16 to 18, CRRC offers only pretextual and illegitimate reasons for his termination. De Lion claims that, instead, he was wrongfully terminated because of his disability, in retaliation for his various complaints to HR for harassment, and in retaliation for taking FMLA leave.

On December 22, 2020, De Lion filed a charge with the EEOC. After receiving a notice of right to sue, De Lion filed this lawsuit on January 5, 2022. CRRC moves to dismiss De Lion's claims.

## II. Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a complaint, the Court considers whether the plaintiff has set forth facts which could entitle him to relief under any legal theory. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006). The Court accepts well pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), and construes the allegations in a pro se complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, plaintiffs need not plead facts corresponding to every element of a legal theory. *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017). Instead, the plaintiff need only plead a plausible claim. *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018).

In evaluating a 12(b)(6) motion to dismiss, a court examines a plaintiff's claims, rather than legal theories. *See Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012). A "claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Florek v. Village of Mundelein*, 649 F.3d 594, 599 (7th Cir. 2011) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943)). Complaints must plead claims but need not plead legal theories in support of those claims, and Rule 12(b)(6) authorizes only the dismissal of claims, not legal theories. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims[.]"). To the extent that any viable legal theory exists to support a claim, that claim will survive a motion to dismiss, even if it expressly invokes other legal theories that fall short. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.").

The Court reads De Lion's complaint to set forth four claims: (1) Bunch harassed De Lion on various occasions in 2019, and CRRC retaliated against him for reporting the harassment; (2) Bunch harassed De Lion again, this time on the basis of his race and national origin, when she returned from a leave of absence beginning February 2020; (3) Bunch harassed De Lion in August of 2020 after De Lion was diagnosed with anxiety and depression; and (4) CRRC wrongfully terminated him on October 5, 2020. Before addressing whether these claims are plausibly alleged, however, the Court disposes of CRRC's contention that De Lion's complaint should be dismissed because he failed to respond to CRRC's legal arguments.

### A. Waiver

CRRC asserts that De Lion's failure to address any of CRRC's legal arguments in his response brief results in waiver. CRRC argues that De Lion has effectively abandoned his litigation by failing to respond to CRRC's legal arguments and omitting any legal authority in his brief. It concludes that his claims should be dismissed with prejudice.

CRRC is mistaken. The defendant bears the burden to establish the complaint's insufficiency in a motion to dismiss, and courts may not grant a motion simply because a plaintiff failed to respond. *Marcure v. Lynn*, 992 F.3d 625, 631-33 (7th Cir. 2021); *see also Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) ("A pro se plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss."). Further, the Seventh Circuit has long instructed district courts to "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Because dismissal is inappropriate when based solely on a plaintiff's failure to respond to a motion to dismiss, it follows as well that dismissal is not appropriate merely because, as here, a plaintiff responds but fails to substantively address the defendant's legal arguments. Especially given that De Lion is proceeding pro se, the Court rejects CRRC's waiver argument.

### B. Timeliness of Claims from 2019

Plaintiffs in Illinois seeking relief for employment discrimination must file a charge with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1); *see also Haynes v. Indiana Univ.*, 902 F.3d 724, 730-31 (7th Cir. 2018). An employee, therefore, cannot recover for acts of discrimination or retaliation that occur outside the 300-day period. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). Although plaintiffs are not required to plead around affirmative defenses, including limitations defenses, dismissal is warranted if a plaintiff alleges facts sufficient to establish that the complaint is not timely and pleads himself out of court. *See Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

De Lion attached his EEOC charge, which he filed on December 22, 2020, to his complaint. The relevant statute of limitations bars De Lion from pursuing relief for any claim that occurred before February 26, 2020, 300 days before he filed the charge. De Lion, however, describes instances of harassment and retaliation that date back to May 16, 2019. As a result, De Lion has pled himself out of court for these claims. De Lion's claims that Bunch subjected him to

harassment from May 16, 2019, until her leave of absence in December 2019 and that Bunch and CRRC retaliated against him in May, October, and December of 2019 are all untimely and hereby dismissed.

Neither De Lion's complaint nor his response to the motion to dismiss (which is essentially a more detailed factual narrative) suggest that there is any basis by which De Lion could assert a viable argument for equitable tolling, but that doctrine does apply in Title VII cases. Accordingly, and out of an abundance of caution, the dismissal of De Lion's claims prior to February 2020 is without prejudice; De Lion is free to seek to establish that equitable tolling applies in an amended complaint. *See Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 996 (7th Cir. 2011) (proper to invite the plaintiff "to add allegations in support of equitable tolling" in an amended complaint which otherwise establishes that claims are untimely); *see also Murray v. Kramer*, No. 13 C 2496, 2013 WL 1966133, at *3 (N.D. Ill. May 10, 2013) (addressing equitable tolling after issuing a rule to show cause why the complaint should not be dismissed as untimely).

### C. 2020 Racial and National-Origin Harassment Claim

Although the statute of limitations for employment discrimination claims bars De Lion's 2019 harassment claims, his 2020 harassment claims are timely. CRRC argues that De Lion has failed to establish a prima facie case for discrimination and failed to connect any of its actions to his race or national origin beyond conclusory allegations.

CRRC's first point does not persuade the Court. At the pleading stage, a plaintiff pursuing an employment discrimination claim need not establish a prima facie case of discrimination, which is instead the burden of proof at summary judgment. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, 512 (2002)); *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination"). De Lion's failure to establish a prima facie case is of no import at the motion to dismiss stage.

As in *Kaminski*, De Lion's failure to link the alleged harassment to a protected characteristic is instead what forecloses his claim. "To establish a hostile work environment claim, a plaintiff must show: (1) the work environment was both subjectively and objectively offensive; (2) the harassment was based on membership in a protected class; (3) the conduct was severe or pervasive; and (4) there is a basis for employer liability." *Trahanas v. Nw. Univ.*, 64 F.4th 842, 853 (7th Cir. 2023). Even at the dismissal stage, however, a plaintiff must do more than assert generalized conclusions that these criteria exist; he must allege some facts in support of his claim. *Methavichit v. Follenweider*, No. 1:20-CV-02841, 2021 WL 6050061, at *8 (N.D. Ill. Dec. 21, 2021). And even a pro se litigant held to a liberal pleading standard must connect the alleged misconduct to a protected characteristic. *See Haymon v. Metra*, No. 1:18-CV-00848, 2020 WL 1548953, at **6-7 (N.D. Ill. Mar. 31, 2020).

Aside from briefly describing himself as Hispanic and Bunch as Black and African American, De Lion never again mentions his race or national origin in his complaint. He does not allege any facts that connect any of Bunch's alleged misconduct to his race or national origin and simply concludes that he was harassed because he was Hispanic. By failing to plead any facts that suggest his alleged harassment was based on his national origin or race, De Lion has failed to state a claim for harassment. De Lion's February 2020 racial and national origin harassment claim is therefore dismissed.

### D. 2020 Disability Harassment Claim

De Lion further alleges that he was subject to harassment after being diagnosed with anxiety and depression in August of 2020.[2] CRRC argues that De Lion failed to allege that his anxiety and depression rendered him disabled, *i.e.*, that his conditions substantially limited his ability to perform a major life activity. It further argues that De Lion failed to assert that any unwelcome behavior towards him was based on his alleged disability or that this treatment was severe.

The pleading standard for harassment under the ADA is the same standard for alleging harassment due to a protected characteristic under Title VII of the Civil Rights Act. *Demkovich v. St. Andrew the Apostle Parish, Calumet City*, 3 F.4th 968, 977 (7th Cir. 2021). Therefore, to establish a harassment claim supporting a theory of relief under the ADA, the plaintiff must ultimately show that (1) he was subject to unwelcome harassment, (2) the harassment was based on his disability, (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Id.* But here again, even though a plaintiff is not required to plead facts that match up to every element of the claim, he must allege some facts sufficient to show a plausible link between a disability and the workplace hostility alleged. And again, De Lion's complaint falls short.

To begin, De Lion does not plausibly allege even that he has a disability. "The ADA defines disability as: '(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 886 (7th Cir. 2019) (quoting 42 U.S.C. § 12102(1)). The Court agrees with CRRC's contention that De Lion does not adequately allege that his anxiety and depression constituted a disability. Mental health conditions like "depression may or may not give rise to a substantial limitation on a major life activity, depending on its severity." *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d

---

[2] De Lion also checked a box on the form employment discrimination complaint indicating that CRRC "failed to reasonably accommodate" his disabilities. Compl. ¶ 12(e), ECF No. 12. Although De Lion checked this box, he did not allege any facts to raise a plausible inference that CRRC failed to accommodate his disability. The Court therefore dismisses the claim without prejudice.

932, 936 (7th Cir. 2006). To adequately plead a disability under the ADA, the plaintiff must allege that they are substantially limited in one or more major life activities because of their condition. *Lee v. Chicago Transit Authority*, 696 F. App'x 752, 753-54 (7th Cir. 2017); *see also Prince v. Illinois Dep't of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010) (plaintiff's allegations of his medical conditions are "insufficient to establish a disability under the ADA without allegations that those conditions substantially limit a major life activity"). De Lion does not allege any facts to suggest that his anxiety and depression substantially limited him in any way. Without more, De Lion's statements that he was diagnosed with anxiety and depression do not adequately plead a disability under the ADA.

Nor does De Lion plausibly allege that he was harassed on account of his mental health conditions. Although De Lion alleges that CRRC's HR department knew he obtained counseling and was diagnosed with anxiety and depression, he does not allege that Bunch, the alleged source of his harassment, knew of his diagnosis. *See Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) ("[A]s a matter of both logic and law, it is impossible for an employer to take action 'because of' a disability the employer knew nothing about." (quoting *Hedberg v. Indiana Bell Telephone Co.*, 47 F.3d 928 (7th Cir. 1995))). Although an employer can be liable for harassment by a supervisor, *Trahanas*, 64 F. 4th at 853, that harassment must be linked to the plaintiff's protected characteristic. Without any knowledge of De Lion's diagnosis and therefore, his alleged disability, Bunch (and therefore CRRC) could not have harassed De Lion **because of** his disability. De Lion has failed to assert that any harassment he allegedly experienced around the time of his diagnosis was due to his disability, rather than continued workplace disputes.

The complaint also fails to plausibly allege that Bunch's actions were so severe or pervasive as to rise to the level of harassment. Sufficiently severe or pervasive conduct must "alter the conditions of employment such that it creates an *abusive* relationship." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). To determine whether conduct rose to the level of abuse, the courts consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Alamo v. Bliss*, 864 F.3d 541, 549-50 (7th Cir. 2017). Bunch's alleged isolated disciplinary measure plainly does not rise to the level of severe or pervasive. That De Lion was unhappy with Bunch for disciplining his team is not enough to establish an abusive relationship or hostile work environment. *See Dogden v. AARP*, No. 1:21-CV-00086, 2022 WL 4607926, at *4 (N.D. Ill. Sept. 30, 2022) (explaining that the plaintiff's displeasure with her supervisor's management did not plausibly suggest the supervisor's actions rose to the level of a hostile work environment). De Lion has therefore failed to state a claim that he was harassed due to his disability, and the Court dismisses this claim.

### E. 2020 Wrongful Termination Claim

Finally, De Lion alleges that CRRC wrongfully terminated him because of his disability, in retaliation for his various complaints to HR about his harassment, and in retaliation for taking FMLA leave. Although De Lion alludes to several theories to support his wrongful termination

claim, a claim will survive a motion to dismiss so long as a viable legal theory exists to support the claim. *N.A.A.C.P. v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992); Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative statements [of a claim], the pleading is sufficient if any one of them is sufficient").

To begin, De Lion's claim for wrongful termination under the ADA fails for much the same reasons that his ADA harassment claim fails: De Lion has not adequately alleged a disability under the ADA and failed to plead any facts suggesting his termination was due to his alleged disability. Without more, De Lion's claim for wrongful termination fails to state a plausible claim for relief under the ADA.

De Lion's wrongful termination claim is plausible, however, in the context of a retaliation theory. De Lion has pleaded sufficient facts to support a plausible inference that CRRC retaliated against him. A retaliation theory requires a showing that the plaintiff "engaged in statutorily protected activity and was subject to adverse employment action as a result of that activity." *Huri*, 804 F.3d at 833. Protected activity occurs when a plaintiff opposes an unlawful employment practice, such as when he complains to HR. *Alamo*, 864 F.3d at 555 & n.41. Here, De Lion alleges that he complained to HR about Bunch's behavior multiple times. CRRC argues, however, that those complaints did not constitute a protected activity because De Lion did not allege that his harassment was related to a protected characteristic. A plaintiff engages in protected activity, however, when he opposes a form of prohibited discrimination, regardless of whether the activity he is opposing is actually prohibited discrimination. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). A plaintiff needs only a reasonable belief that he is challenging unlawful conduct to support a prima facie case of retaliation. *Id*. Taking De Lion's allegations as true, his complaints to HR reflect at least a good-faith belief that Bunch was treating him unfairly because of his race, national origin, and disability; whether his beliefs were groundless may be fleshed out in discovery. *See Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002). De Lion has therefore sufficiently pled that he engaged in protected activity and was subsequently subject to an adverse employment action when he was terminated.

CRRC alternatively argues that, even if De Lion's complaints were a protected activity, De Lion has not alleged a causal link between the complaints and his discharge from employment. It asserts that De Lion's own allegations establish that CRRC fired him because he failed to work mandatory overtime. But CRRC ignores De Lion's further allegations: that the overtime was not in fact mandatory, and that CRRC's proffered reason for firing him was a pretext for unlawful retaliation. CRRC's true reason for firing De Lion presents a factual question that is inappropriate to resolve at the motion to dismiss stage. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("Plausibility . . .does not imply that the district court should decide whose version to believe, or which version is more likely than not"); *see also Gale v. Hyde Park Bank*, 384 F.3d 451, 452 (7th Cir. 2004) ("[T]he plaintiff may tell the court what his adversary has said without throwing in the towel . . . What actually happened should be resolved by summary judgment or trial not by decision on the pleadings").

At the pleading stage, moreover, a plaintiff asserting retaliation need only allege that he engaged in a protected activity and suffered an adverse employment action; he is not required to present allegations regarding a causal link between the two. *Compare Luevano*, 722 F.3d at 1029 (no requirement to plead facts showing causal link between protected activity and retaliatory act) *with Kaminski*, 23 F. 4th at 777 (to survive a motion to dismiss a discrimination claim, a plaintiff must "allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to [his] protected characteristics"). De Lion alleges that CRRC fired him (an adverse employment action) because he complained to HR (a protected activity). Accordingly, De Lion has properly stated a claim for retaliation and CRRC's argument again fails. CRRC's motion to dismiss the wrongful termination claim is denied.[3]

\* \* \*

In addition to construing pro se complaints liberally, courts are encouraged to allow pro se litigants opportunity to amend their complaint if doing so would help them state a meritorious claim. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Especially if the complaint has not yet been amended, courts grant leave to amend after dismissal unless it is certain that amendment would be futile. *Tate*, 809 F.3d at 346. The Court declines to deny De Lion at least one opportunity to salvage the dismissed claims in his original complaint. Any amended complaint must be filed by September 1, 2023. Defendant's obligation to answer the surviving claims of the complaint is held in abeyance until De Lion files an amended complaint or the deadline for doing so has passed.

Dated: August 1, 2023

John J. Tharp, Jr.
United States District Judge

---

[3] Although a claim needs only one viable legal theory to survive a motion to dismiss, *N.A.A.C.P.*, 978 F.2d at 292, De Lion could also plausibly state a claim for FMLA retaliation. The Court evaluates retaliation claims under the FMLA in the same way as retaliation under other employment statutes such as the ADA and Title VII. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). Receiving FMLA benefits is a protected activity, *Caskey v. Colgate-Palmolive Company*, 535 F.3d 585, 593 (7th Cir. 2008), and employers are prohibited from retaliating against an employee for their use of FMLA leave. *Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012). The complaint plausibly alleges that De Lion engaged in protected activity by taking FMLA leave and was subsequently subject to an adverse employment action when he was terminated.